## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| DEBRA M. ADAMS, DANILLIE L. MARS, MICHELLE L. MILLER and ANITA W. DAME, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION NO.: 22-CV-99-LM** |
| v. | ) ) | |
| DARTMOUTH-HITCHCOCK CLINIC, THE BOARD OF TRUSTEES OF DARTMOUTH-HITCHCOCK CLINIC, THE ADMINISTRATIVE INVESTMENT OVERSIGHT COMMITTEE OF DARTMOUTH-HITCHCOCK CLINIC and JOHN DOES 1-30. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT MOTION TO STAY ALL PENDING DEADLINES

Plaintiffs, Debra M. Adams, Danillie L. Mars, and Michelle L. Miller ("Plaintiffs") and Defendants, Dartmouth-Hitchcock Clinic, the Board of Trustees of Dartmouth-Hitchcock Clinic, and the Administrative Investment Oversight Committee of Dartmouth-Hitchcock Clinic ("Defendants") (collectively, "the Parties"), have conferred and, by and through their undersigned counsel, jointly move the Court to stay this action for sixty (60) days to allow the Parties to attend mediation.  In support thereof, the Parties state as follows:

1.      This case was filed on March 18, 2022, and on May 31, 2022, Defendants filed a Motion to Dismiss (ECF No. 22).

2.      Plaintiffs filed their Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 24) on June 14, 2022.

3.       Defendants filed their Reply in Support of their Motion to Dismiss (ECF No. 25) on June 21, 2022.

4.      Defendants filed their Answer and Defenses to the Complaint on March 10, 2023 (ECF No. 35).

5.      On October 26, 2023, the Parties filed a Joint Motion to Amend Joint Discovery Plan (ECF No. 43) and Attachment to Joint Motion to Amend Joint Discovery Plan  (ECF No. 43-1), which this Court approved on October 31, 2023.

6.      On March 29, 2024, the Parties filed a second Joint Motion to Amend Joint Discovery Plan (ECF No. 48) and Attachment to Joint Motion to Amend Joint Discovery Plan (ECF No. 48-1), which the Court approved in part by issuance of an Electronic Order on April 4, 2024.  The Court approved the proposed amendment with the exception that trial was scheduled for the two-week period beginning May 20, 2025, and the deadline for summary judgment motions was set for January 20, 2025.

7.      The Parties have been diligently engaged in discovery.  Per the amended discovery plan, fact discovery ends on June 28, 2024.  Both Parties have served document requests and interrogatories on each other and Defendants have produced 166,340 pages of documents while Plaintiffs have produced approximately 194 pages of documents.  Additionally, the Parties have each deposed witnesses. Defendants have taken depositions of the three remaining Plaintiffs in the case and Plaintiffs have taken a 30(b)(6) deposition of Defendants' designee and one fact witness deposition with one fact witness deposition remaining which will take place on July 12, 2024 per agreement of the Parties.  Plaintiffs have also served third-party document requests.

8.      During the last several weeks the Parties have met and conferred regarding the potential of attending mediation in an attempt to resolve this litigation.  To that end, the Parties have elected to attempt mediation before a third-party mediator, Jed D. Melnick, Esq. of JAMS, a

highly qualified experienced mediator who has mediated numerous cases similar to this matter. The earliest available date for the Parties and Mr. Melnick is August 12.

9.      Accordingly, the Parties jointly seek to stay all proceedings in this case for sixty (60) days to allow them to complete mediation.

10.     "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). 8. A stay is appropriate here because both Parties will be injured absent a stay of all proceedings, and because it would be a potential waste of both the Court's and the Parties' resources to continue litigating this case while simultaneously pursuing mediation.

11.     The Parties make this motion without the purpose or intent to delay and with the belief that the proposed stay will not prejudice any Party.

12.     Upon expiration of the stay, if this matter has not settled, the Parties ask the Court to enter the below revised schedule which has been adjusted by sixty (60) days to account for the length of the stay.  If the case does settle within the stay period, the Parties will inform the Court and seek further instructions.

13.     Accordingly, the Parties request the following modifications to the current Scheduling Order upon expiration of the stay:

| Scheduling Designation | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Parties' Opening Expert Reports Due | August 9, 2024 | October 8, 2024 |
| Parties' Rebuttal Expert Reports Due | October 4, 2024 | December 3, 2024 |
| Completion of Expert Discovery | November 15, 2024 | January 28, 2025 |
| Motions for Summary Judgment Due | January 20, 2025 | March 21, 2025 |
| Challenges to Expert Testimony Due | January 24, 2025 | March 25, 2025 |

| | | |
|---|---|---|
| Plaintiffs' Motion for Class Certification Due | August 20, 2024 | October 21, 2024 |
| Defendants' Opposition to Motion for Class Certification Due | September 17, 2025 | November 18, 2024 |
| Plaintiffs' Reply in Support of Motion for Class Certification Due | September 30, 2024 | December 9, 2024 |
| Supplementations under Rule 26(e) Due | March 26, 2025 | May 26, 2025 |
| Trial Date | May 20, 2025 | July 21, 2025 |

14.  This is the Parties' first request to stay all pending deadlines.

WHEREFORE, the Parties respectfully request that this Court issue an Order to stay all pending deadlines for sixty (60) days until August 30, 2024, and enter the above-deadlines upon expiration of the stay if this case has not settled by August 30, 2024.

Respectfully submitted,

Dated: July 1, 2024

By /s/ Mark K. Gyandoh
Mark K. Gyandoh, Esquire
(*Admitted Pro Hac Vice*)
Jay Wells, Esquire
(*Admitted Pro Hac Vice*)
**CAPOZZI ADLER, P.C.**
312 Old Lancaster Road
Merion Station, PA 19066
Email: markg@capozziadler.com
          jaw@capozziadler.com
Telephone:  (610) 890-0200
Fax: (717) 233-4103

Donald R. Reavey, Esquire
(*Admitted Pro Hac Vice*)
Brandon S. Williams, Esquire
(*Admitted Pro Hac Vice*)
**CAPOZZI ADLER, P.C.**
2933 North Front Street
Harrisburg, PA 17110
Email:  donr@capozziadler.com

Dated: July 1, 2024

By: /s/ Nancy G. Ross
Nancy G. Ross (admitted *pro hac vice*)
Elaine Liu (admitted *pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
Email: nross@mayerbrown.com
          eliu@mayerbrown.com

E. Brantley Webb (admitted *pro hac vice*)
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
Email: bwebb@mayerbrown.com

Daniel M. Deschenes, Esq. (NH #14889)
Kathleen M. Mahan, Esq. (NH #17124)
HINCKLEY, ALLEN & SNYDER, LLP
650 Elm Street

4

brandonw@capozziadler.com
Telephone:  (717) 233-4101
Fax: (717) 233-4103

**MUHIC LAW LLC**
Peter A. Muhic
(*Admitted Pro Hac Vice*)
923 Haddonfield Road, Suite 300
Cherry Hill, NJ  08002
Phone:  (856) 324-8252
Fax:    (717) 233-4103
Email:  peter@muhiclaw.com

*Attorneys for Plaintiffs*

Manchester, NH 01301
(603) 225-4334
Email: ddeschenes@hinckleyallen.com
      kmahan@hinckleyallen.com

*Attorneys for Defendants Dartmouth-Hitchcock Clinic,*
*Board of Trustees of Dartmouth-Hitchcock Clinic, and*
*Administrative Investment Oversight Committee of*
*Dartmouth-Hitchcock Clinic*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, July 1, 2024, I caused the foregoing to be electronically filed using the CM/ECF system, which will send notification of such filing(s) to all those registered with the ECF system.

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
