## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| DEBRA M. ADAMS, DANILLIE L. MARS, and MICHELLE L. MILLER, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| | ) | **CIVIL ACTION NO.: 22-CV-99-LM** |
| Plaintiff, | ) | |
| v. | ) ) | |
| DARTMOUTH-HITCHCOCK CLINIC, THE BOARD OF TRUSTEES OF DARTMOUTH-HITCHCOCK CLINIC, THE ADMINISTRATIVE INVESTMENT OVERSIGHT COMMITTEE OF DARTMOUTH-HITCHCOCK CLINIC and JOHN DOES 1-30. | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

I.     INTRODUCTION ...........................................................................................................1

II.    CONCISE STATEMENT OF THE ISSUES PRESENTED...............................................2

     A.    Nature of the Plan ...........................................................................................2

     B.    The Parties ......................................................................................................3

III.   STANDARD FOR REVIEWING A CLASS CERTIFICATION MOTION.....................3

IV.   PLAINTIFFS ASSSERT VIABLE CLAIMS ..................................................................4

V.    ARGUMENT ....................................................................................................................4

     A.    Plaintiffs Have Standing to Pursue Claims on Behalf of the Plan.........................4

     B.    The Proposed Class Satisfies the "Numerosity"Requirements of 23(a).................5

          1.    The Proposed Class Satisfies the "Numerosity" Requirement6 of 23(a)......5

          2.    The Proposed Class Satisfies Rule of 23(a)(3), "Commonality" .................5

          3.    Plaintiffs' Claims Satisfy the "Typicality" Requirement of 23(a)(3)............7

          4.    The Class is Adequately Served Under Rule 23(a)(4) ................................8

              i.    Plaintiffs Are Adequate Class Representatives...............................9

              ii.    Plaintiffs' Counsel Have No Conflicts with the Class, Are Qualified and Experienced, and Will Vigorously Prosecute This Action for the Class ....................................................................12

     C.    The Class May Be Properly Certified Under Rule 23(b)(1) .................................14

          1.    Certification Under Rule 23(b)(1)(B) is Most Appropriate ........................14

          2.    Certification is Also Appropriate Under Section 23(b)(1)(A) ...................15

       VI.    CONCLUSION ........................................................................................................15

i

## <u>TABLE OF AUTHORITIES</u>

PAGE(S)

**Cases**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997)................................................................................................ 11, 15

*Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds,*
133 S.Ct. 1184 (2013)................................................................................................. 4

*Andrews v. Bechtel Power Corp.,*
780 F.2d 124 (1st Cir. 1985)....................................................................................... 8

*Beach v. JPMorgan Chase Bank, N.A.,*
No. 17-cv-563, 2019 WL 2428631 (S.D.N.Y. June 11, 2019).................................... 12

*In re Biogen ERISA Litig.,*
No. 20-cv-11325, (D. Mass. Nov. 8, 2022) ................................................................ 1

*Boley v. Universal Health Services, Inc.,*
36 F.4th 124 (3d Cir. June 1, 2022)......................................................................... 4, 7

*Braden v. Wal-Mart Stores, Inc,*
588 F.3d 585 (8th Cir. 2009) ..................................................................................... 4

*Cassell v. Vanderbilt Univ.,*
No. 16-cv-2086, 2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018)................................ 9

*Cohen v. Brown Univ.,*
16 F.4th 935 (1st Cir. 2021)................................................................................... 11, 12

*Coviello v. BHS Management Services, Inc.,*
No. 20-cv-30198, slip op. (D. Mass Mar. 20, 2023).................................................... 1

*In re Credit Suisse-Aol Securities Litigation,*
253 F.R.D. 17 (D. Mass. 2008)................................................................................... 11

*Evans v. Akers,*
534 F.3d 65 (1st Cir. 2008)......................................................................................... 7

*Garcia-Rubiera v. Calderon,*
570 F.3d 443 (1st Cir. 2009)....................................................................................... 7

*Garnick v. Wake Forest Univ. Baptist Med. Ctr.,*
629 F. Supp. 3d 352 (M.D.N.C. 2022)........................................................................ 4

*Garthwait v. Eversource Energy Co.*,
No. 20-cv-00902, 2021 WL 4441939 (D. Conn. Sept. 28, 2021) .................................... 5

*George v. Nat'l Water Main Cleaning Co.*,
286 F.R.D. 168 (D. Mass. 2012) ............................................................................... 5, 12

*Gunnells v. Healthplan Servs., Inc.*,
348 F.3d 417 (4th Cir. 2003) ............................................................................................ 9

*Henderson v. Bank of N.Y. Mellon*,
332 F. Supp. 3d 419 (D. Mass. 2018) .............................................................................. 8

*Hochstadt v. Bos. Sci. Corp.*,
708 F. Supp. 2d 95 (D. Mass. 2010) ................................................................................ 1

*Jones v. Novastar Financial, Inc.*,
257 F.R.D. 181, 194 (W.D. Mo. 2009) .......................................................................... 15

*Karg v. Transamerica Corp.*,
2020 WL 3400199 (N.D. Iowa Mar. 25, 2020) ...................................................... 7, 9, 12

*Krueger v. Ameriprise Fin., Inc.*,
304 F.R.D. 559 (D. Minn. 2014) ........................................................................ 12, 14, 15

*Larson v. Allina Health Sys.*,
350 F. Supp. 3d 780 (D. Minn. 2018) .............................................................................. 4

*In re Lupron Mktg. & Sales Pracs. Litig.*,
228 F.R.D. 75 (D. Mass. 2005) ........................................................................................ 6

*Matamoros v. Starbucks Corp.*,
699 F.3d 129 (1st Cir. 2012) ..................................................................................... 3, 12

*McDonald v. Lab'y Corp. of Am.*,
No. 22-cv-680, slip op., at 9 (M.D.N.C. Oct. 16, 2024) ................................................ 11

*Mehling v. New York Life Ins. Co. et al.*,
246 F.R.D. 467 (E.D. Pa. 2007) .................................................................................... 14

*In re Mutual Funds*,
529 F.3d 207 (4th Cir. 2008) .......................................................................................... 4

*In re Nortel Networks Corp. ERISA Litig.*,
2009 WL 3294827 (M.D. Tenn. Sept. 2, 2009) ............................................................... 7

*Otte ex rel. Est. of Reynolds v. Life Ins. Co. of N. Am.*,
275 F.R.D. 50 (D. Mass. 2011) ......................................................................................... 8

*Ramos, et al. v. Banner Health, et al.*,
325 F.R.D. 383 (D. Col. Mar. 28, 2018) ........................................................................... 9

*In re Relafen Antitrust Litig.*,
231 F.R.D. 52 (D. Mass. 2005) ......................................................................................... 6

*Sacerdote v. New York Univ.*,
No. 16-cv-6284, 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) ....................................... 14

*In re Schering Plough Corp. Erisa Litigation*,
589 F.3d 585 (3d Cir. 2009) .............................................................................................. 1

*Shirk v. Fifth Third Bancorp*,
No. 05–cv–049, 2008 WL 4425535 (S.D. Ohio Sept. 30, 2008) ...................................... 6

*Sims v. BB&T Corp.*, 2017 WL 37305524
(M.D.N.C. Aug. 28, 2017) ............................................................................................ 7, 9

*Smilow v. Sw. Bell Mobile Sys., Inc.*,
323 F.3d 32, 38 (1st Cir. 2003) ........................................................................................ 3

*Stanford v. Foamex L.P.*,
263 F.R.D. 156 (E.D. Pa. 2009) ....................................................................................... 7

*Stengl v. L3Harris Techs., Inc.*,
No. 22-cv-572, 2023 WL 11932263 (M.D. Fla. June 5, 2023) ......................................... 6

*Stegemann v. Gannett Co.*,
No. 118-cv-325, 2022 WL 17067496 (E.D. Va. Nov. 17, 2022) ................................... 14

*Swack v. Credit Suisse First Bos.*,
230 F.R.D. 250 (D. Mass. 2005) ....................................................................................... 7

*Tatum v. R.J. Reynolds Tobacco Co.*,
254 F.R.D. 59 (M.D.N.C. 2008) ..................................................................................... 14

*Tracey v. MIT*,
No. 16-cv-11620, 2018 WL 5114167 (D. Mass. Oct. 19, 2018) .................................... 12

*Trauernicht v. Genworth Fin., Inc.*,
No. 22-cv-532, 2024 WL 3835067 (E.D. Va. Aug. 15, 2024) ....................................... 11

*Velazquez, v. Massachusetts Financial Services Co.,*
17-cv-11249 (D. Mass., 2019) ................................................................... 1

*Wachala v. Astella US LLC,*
20-cv-3882, 2022 WL 408108 (N.D. Ill. Feb. 10, 2022) ................................ 6

*Waldner v. Natixis Inv. Managers, L.P.,*
No. 21-cv-10273, 2023 WL 3466272 (D. Mass. Mar. 24, 2023) ................. 14

*Wal-Mart Stores, Inc. v. Dukes,*
564 U.S. 338 (2011)
*R. & R. adopted,*
No. 21-cv-10273, 2023 WL 3467112 (D. Mass. May 15, 2023) ............... 4, 6

**Statutes**

29 U.S.C. § 1002(21)(A) ............................................................................ 3

29 U.S.C. § 1104 ....................................................................................... 16

29 U.S.C. § 1132(a)(2) ................................................................................ 4

Fed. R. Civ. R. 23 ...................................................................................... 15

Fed. R. Civ. R. 23(a) .......................................................................... 1, 4. 6

Fed. R. Civ. R. 23(a)(1) .............................................................................. 6

Fed. R. Civ. R. 23(a)(3) ........................................................................... 6, 7

Fed. R. Civ. R. 23(a)(4) ..................................................................... 9, 12, 13
Fed. R. Civ. R. 23(b) ................................................................................... 4

Fed. R. Civ. R. 23(b)(1) ................................................................... 1, 15, 16

Fed. R. Civ. R. 23(b)(1)(A) .................................................................. 15 ,16

Fed. R. Civ. R. 23(b)(1)(B) ................................................................. 15, 16

Fed. R. Civ. R. 23(g) ............................................................................ 13, 14

Fed. R. Civ. R. 23(g)(1)(A) ................................................................. 13, 14

Fed. R. Civ. R. 23(g)(1)(B) ................................................................. 13, 14

**Other Sources**

1 William B. Rubenstein, Newberg on Class Actions §§ 3:54-3:55, 3:80-3:81 (5th ed. 2012) ... 12

The Employee Retirement Income Security Act of 1974 ...................................................*Passim*

## I.    INTRODUCTION

Plaintiffs, Debra Adams, Danillie Mars, and Michelle Miller (collectively, "Plaintiffs"), hereby submit this memorandum in support of their motion for class certification. Plaintiffs allege claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA") § 502(a)(2) for breaches of fiduciary duty. Because "of the derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class, as numerous courts have held." *Hochstadt v. Bos. Sci. Corp*., 708 F. Supp. 2d 95, 105 (D. Mass. 2010) (quoting *In re Schering Plough Corp. Erisa Litigation*, 589 F.3d 585, 604 (3d Cir. 2009)). Class certification in these types of ERISA cases is so routine that defendants in this Circuit and throughout the country regularly stipulate to class certification. *See, e.g., Coviello v. BHS Management Services, Inc.*, No. 20-cv-30198, slip op. (D. Mass Mar. 20, 2023); *Velazquez, v. Massachusetts Financial Services Co.,* 17-cv-11249 (D. Mass., 2019); *In re Biogen ERISA Litig.*, No. 20-cv-11325, Dkt. No. 104 (D. Mass. Nov. 8, 2022); *see also* Declaration of Mark K. Gyandoh in Support of Plaintiffs' Motion for Class Certification ("**Gyandoh Decl**.") at ¶ 48, (attached).

Plaintiffs seek to certify the following class pursuant to FED. R. CIV. P. 23(a) and (b)(1):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between March 18, 2016, through the date of judgment (the "Class Period"). [1]

Additionally, Plaintiffs respectfully request that this Court appoint them as representatives for the certified Class, and appoint their counsel, Capozzi Adler, P.C., ("Capozzi Adler") as Class Counsel. As discussed below, Plaintiffs' ERISA claims satisfy the requirements of Federal Rule

---

[1] As explained on page 2, *infra*, and in footnote no. 2, the Court can certify one class comprised of participants in the 401(a) and/or 403(b) plans within "the Plan," or alternatively, certify one class for participants in the 401(a) plan and one class for participants in the 403(b) plan. There is no practical difference.

of Civil Procedure 23(a) and (b) because: (1) during the Class Period, there were at least 31,256

class members; (2) Plaintiffs are typical of the class members; (3) there are common questions of

fact and law regarding Defendants' management of the Plan; and (4) the class continues to be

adequately represented.

## II.    CONCISE STATEMENT OF THE ISSUES PRESENTED

### A.    Nature of the Plan

The "Plan" collectively refers to the Dartmouth-Hitchcock Retirement Plan 401(A) and the

Dartmouth-Hitchcock Employee Investment Plan 403(B). At all times during the Class Period, the

Plan had at least $1.2 billion dollars combined in assets under management. Complaint, ¶9 (citing

the 2020 Auditor Report for the plans). The plans are treated as a single Plan because: (1)

Defendants refer to the plans together as being Dartmouth's "Retirement Program[;]" (2) the plans

have the same recordkeeper and investments; (3) Defendants treat the plans as a single entity; and

(4) most employees participate in both plans. *See* Complaint, ¶84 (citing 2020 Auditor Report for

the 403(b) Plan at 5); *see also,* **Gyandoh Decl**. at ¶ 11, **Exhibit 1** (DHC_00024773, "2017 Annual

Review of the Dartmouth-Hitchcock Retirement Plan" stating "Dartmouth-Hitchcock []

Management is pleased to present this annual review of the D-H Retirement Plan (***the "Plan"***) to

the AIOC for review and discussion.") (emphasis added); **Exhibit 2** (DHC_00011612, January 17,

2017, email from Gary Kilpatrick to Aimee Giglio and Michael Waters stating "these fees will be

charged [as] one fee per participant, even though the participant likely has two accounts.");

**Exhibit 3** (Jantzen Tr., at 5:15-16:24, Defendants' fact witness discussing the role of AIOC and

referring to both plans as "the plan.").[2] Moreover, Plaintiffs assert that, for purposes of negotiating

---

[2] Alternatively, the Court could certify separate classes for participants in the 401(a) and 403(b) plans. The participants in the two classes would nearly completely overlap because most employees held accounts in both the 401(a) and 403(b) plans. Further, the evidence presented to prove Plaintiffs' claims would be the same whether there is one class or two; the witnesses, testimony, documents and legal theories and damages are the same for both. And whether there

recordkeeping fees, the 401(a) and the 403(b) plans should have been considered one Plan, and that Defendants should have negotiated per-participant fee based on a unique participant basis. *See* **Gyandoh Decl.**, **Exhibit 4** (Expert Report of Veronica Bray at ¶ 29).

### B.    The Parties

Dartmouth-Hitchcock Clinic ("Dartmouth") acts as the Plan's sponsor and named fiduciary. *See* Defs. Answer, ECF No. 35 at ¶ 27. Dartmouth, acting through its Board of Trustees ("Board"), delegates the administration of the Plan to the Finance Committee, the Investment Sub-committee, and the Administrative Investment Oversight Committee of Dartmouth-Hitchcock Clinic ("AIOC"). Under ERISA, fiduciaries with the power to appoint have the concomitant fiduciary duty to monitor and supervise their appointees. Accordingly, Dartmouth, its Board, and the AIOC are/were fiduciaries of the Plan within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A).

Lastly, each Plaintiff participated in both plans and paid recordkeeping and administrative fees. *See* **Gyandoh Decl.**, **Exhibit 5** (Declaration of Debra M. Adams at ¶¶ 3,5) ("Adams Decl."), **Exhibit 6**, (Declaration of Danillie L. Mars at ¶¶ 3,5) ("Mars Decl."), **Exhibit 7**, (Declaration of Michelle L. Miller at ¶¶ 3,5) ("Miller Decl.").

## III.    STANDARD FOR REVIEWING A CLASS CERTIFICATION MOTION

Plaintiffs must show that the class satisfies the four prerequisites of Rule 23(a), "numerosity of claims, commonality of legal or factual questions, typicality of representative claims or defenses, and adequacy of representation." *Matamoros v. Starbucks Corp.*, 699 F.3d 129, 137 (1st Cir. 2012). Plaintiffs must also show that this case falls within one of the three types of class actions under Federal Rule of Civil Procedure 23(b). *See Smilow v. Sw. Bell Mobile Sys.*,

---

is one class or two, the aggregate damages are the same and would be allocated the same way among participants. Thus, there is no practical difference between certifying one class or two.

*Inc.*, 323 F.3d 32, 38 (1st Cir. 2003). Although courts must conduct a "rigorous" analysis of the Rule 23 elements, this is not a "license to engage in free-ranging merits inquiries at the certification stage." *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 133 S.Ct. 1184, 1194–95 (2013).

## IV.    PLAINTIFFS ASSERT VIABLE CLAIMS

Plaintiffs' alleged facts are set forth in the Complaint and the attached Gyandoh Declaration. *See* **Gyandoh Decl**., at ¶¶ 15-21.

## V.    ARGUMENT

### A.    Plaintiffs Have Standing to Pursue Claims on Behalf of the Plan.

A suit under 29 U.S.C. §1132(a)(2) is "brought in a representative capacity on behalf of the plan as a whole," and remedies under §1109 "protect the entire plan." *Braden v. Wal-Mart Stores, Inc*, 588 F.3d 585, 593 (8th Cir. 2009); *see also Larson v. Allina Health Sys.*, 350 F. Supp. 3d 780, 792 (D. Minn. 2018) ("[t]herefore, because Plaintiffs have standing to bring a claim, § 1132(a)(2) allows them to seek relief for the entirety of both Plans."); *In re Mutual Funds*, 529 F.3d 207, 210 (4th Cir. 2008) (same). Plaintiffs have standing to bring this action because they were Plan participants, were subjected to the excessive administrative and recordkeeping fees alleged, and were injured by Defendants' imprudent Plan-wide conduct. *See* Complaint, ¶¶17-21.

As the Third Circuit in *Boley v. Universal Health Servs., Inc.* instructed, the excessive "recordkeeping and administrative fee[s] affected all Plan participants in the same way. This allegedly excessive annual fee would represent a concrete and personal injury to a plaintiff." *Boley*, 36 F.4th 124, 131 (3d Cir. 2022); *see also Garnick v. Wake Forest Univ. Baptist Med. Ctr.*, 629 F. Supp. 3d 352, 362 n.4 (M.D.N.C. 2022) ("Plaintiffs are able to establish an injury to themselves because of Defendants' recordkeeping fees, then Plaintiffs will have standing to sue on behalf of Plan participants …"). Indeed, each Plaintiff has testified that they are seeking relief for their

fellow participants as well as themselves. *See* **Gyandoh Decl**. at ¶ 57, **Exhibit 9** (Mars Tr. at 92:16-93:1 stating "What is your understanding of the relief that you are seeking in the lawsuit? [… A]: To recover the fees that were incorrectly charged to all of the participants of the plan."); *id.* at ¶ 58, **Exhibit 10** (Miller Tr. at 149:18-151:2 (similar)); *id* at ¶ 56, **Exhibit 8** (Adams Tr. at 177:8-11 (similar)). Plaintiffs' and the Plan's injury is traceable to Defendants conduct, because had Defendants complied with their fiduciary obligations, the Plan and Participants' accounts would not have suffered these losses. *See* Complaint at ¶¶116-17; *See also Garthwait v. Eversource Energy Co.*, No. 20-cv-00902, 2021 WL 4441939, at *7 (D. Conn. Sept. 28, 2021) ("Defendants have failed to negotiate for or find a cheaper alternative, causing Plaintiffs harm that could be redressed by monetary damages or equitable relief."). Thus, Plaintiffs have standing to pursue these claims.

### B. The Proposed Class Satisfies the Requirements of Rule 23(a).

A class must first satisfy the four basic prerequisites of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* FED. R. CIV. P. 23(a); *Smilow,* 323 F.3d at 38. Plaintiffs have satisfied all four elements of Rule 23(a).

#### 1. The Proposed Class Satisfies the "Numerosity" Requirement of 23(a).

Rule 23(a)(1) permits certification if "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "[C]ourts have generally found that a class size of forty or more individuals will satisfy the numerosity requirement." *George v. Nat'l Water Main Cleaning Co.*, 286 F.R.D. 168, 173 (D. Mass. 2012). The 2020 Form 5500s for the plans list a combined 31,256 "participants with account balances as of the end of the plan year." Complaint at ¶36. Thus, numerosity is easily satisfied here.

#### 2. The Proposed Class Satisfies Rule 23(a)(3), "Commonality."

"The threshold of commonality is not a difficult one." *In re Relafen Antitrust Litig.,* 231 F.R.D. 52, 69 (D. Mass. 2005). Commonality concerns "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). "Even a single common question will do." *Id*. at 359 (cleaned up)). "While at least one common issue of fact or law at the core of the action must shape the class, Rule 23(a) does not require that every class member share every factual and legal predicate of the action." *In re Lupron Mktg. & Sales Pracs. Litig.*, 228 F.R.D. 75, 88 (D. Mass. 2005).

In ERISA cases involving defined-contribution plans, commonality "is easily satisfied" because "fund participants operate against a common background, and allegations that a fiduciary has breached its duties in the selection of investment options describe a problem that operates across the plan rather than at the individual level.'" *Wachala v. Astella US LLC*, 20-cv-3882, 2022 WL 408108, at *5 (N.D. Ill. Feb. 10, 2022) (internal citations omitted); *see also Shirk v. Fifth Third Bancorp*, No. 05–cv–049, 2008 WL 4425535, *2 (S.D. Ohio Sept. 30, 2008) (same). Likewise, here, the overarching questions of law and fact applicable to all Plan participants are whether Defendants breached fiduciary duties owed to the Plan and its participants by failing to monitor or control the compensation paid for recordkeeping and administration services, whether the Plan's fees were reasonable, and whether the monitoring Defendants failed to monitor the AIOC. *See* **Gyandoh Decl**., ¶ 15-21. Moreover, all Plan participants were subject to the AIOC's decisions regarding the Plan. *See Stengl*, 2023 WL 11932263, at *2 ("a common question exists as to whether Defendants breached ERISA's duty of prudence in connection with […] monitoring the compensation paid for recordkeeping and administration services."). All of these questions are sufficient to satisfy Plaintiffs' burden under Rule 23(a)(2) because they all "are focused solely on

Defendants and their actions, and will require the same proof for all class members." *In re Nortel Networks Corp. ERISA Litig.*, 2009 WL 3294827, at *8 (M.D. Tenn. Sept. 2, 2009).

### 3. Plaintiffs' Claims Satisfy the "Typicality" Requirement of 23(a)(3)

FED. R. CIV. P. 23 (a)(3)'s "typicality" prong is satisfied when "Plaintiffs' claims arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and . . . are based on the same legal theory." *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009) (citations omitted). However, "the typicality requirement does not mandate that the claims of the class representative be identical to those of the absent class members." *Swack v. Credit Suisse First Bos.*, 230 F.R.D. 250, 260 (D. Mass. 2005). The Third Circuit in *Boley* held that typicality was satisfied in an analogous case because, "[e]ach participant's potential recovery, regardless of the fund in which he or she invested, is under the same legal theory—Universal's breach of its fiduciary duty under ERISA in managing the Plan's investment options." *Boley*, 36 F.4th at 134; *see also Sims v. BB&T Corp.*, 2017 WL 3730552, at*4 (M.D.N.C. Aug. 28, 2017); *Hochstadt*, 708 F. Supp. 2d at 103; *Evans v. Akers*, 534 F.3d 65, 70 n.4 (1st Cir. 2008) ("those who bring suit do so on behalf of the plan and the plan takes legal title to any recovery"); *Karg v. Transamerica Corp.,* No. 18-cv-134, 2020 WL 3400199, at *3 (N.D. Iowa Mar. 25, 2020); *Stanford v. Foamex L.P.,* 263 F.R.D. 156, 167 (E.D. Pa. 2009) (finding typicality requirement satisfied "because plaintiff challenges the same conduct that affects both the plaintiff and the absent class members"). The same is true in this case.

Here, Plaintiffs satisfy the typicality prong of Rule 23 because they were all subject to the Plan's excessive administration and recordkeeping fees as a result of Defendants' imprudent processes regarding the Plan. Plaintiffs seek to restore economic losses to the Plan, and therefore all Plan participants (class members), based on the same type of injury caused by Defendants'

same breaches of fiduciary duties. Indeed, Plaintiffs testified that they volunteered to be class representatives to serve their fellow participants. *See* **Gyandoh Decl.**, ¶¶ 59-61 **Exhibit 8** (Adams Tr. at 177:8-11 stating "I just felt that everybody that was involved in this, the other -- myself and the class should be compensated for whatever fees that were lost or they were overcharged."); **Exhibit 10 (**Miller Tr. at 125:6-1 stating "Q. Why did you file this lawsuit? [… A]: Because I feel that the plan holders were over paying or overcharged and that that money should go back to the plan holders."); **Exhibit 9** (Mars Tr. at 105: 16-18 stating "I felt it to be important to [be] a voice for the 30,000-plus people that were, you know, charged wrong."). As mentioned, Plaintiffs also testified that they are seeking relief in the same form, for the same injuries as the other Plan participants. *See id. at* Mars Tr., 92:16-93:1; Miller Tr., 149:18-151:2; Adams Tr., 177:8-11.

Typicality is satisfied here.

### 4.    The Class is Adequately Served Under Rule 23(a)(4)

Under Rule 23(a)(4), the representatives must fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a)(4). "The First Circuit has enunciated two elements to the adequacy requirement: (1) 'that the interests of the representative party will not conflict with the interests of any of the class members,' and (2) 'that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation.'" *Henderson v. Bank of N.Y. Mellon*, 332 F. Supp. 3d 419, 430 (D. Mass. 2018) (quoting *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)). Here both Plaintiffs and Counsel provide adequate representation.

### i.    Plaintiffs Are Adequate Class Representatives

For the Plaintiffs to satisfy adequacy, "all that is required of her is a general knowledge of the contours of the litigation and personal participation in discovery events." *Otte ex rel. Est. of Reynolds v. Life Ins. Co. of N. Am.*, 275 F.R.D. 50, 57 (D. Mass. 2011) (citations omitted).

Although some courts of appeals have set a high bar for adequacy by requiring that class representatives be active, well-informed, and able to direct the litigation, the First Circuit has not adopted so strict a standard." *Id*. This is especially true in ERISA cases because "'the complex nature of ERISA fiduciary breach claims requires investors to rely on their attorneys and hired experts, and such reliance does not make the plaintiffs inadequate representatives.'" *Cassell v. Vanderbilt Univ.*, No. 16-cv-2086, 2018 WL 5264640, at * 5 (M.D. Tenn. Oct. 23, 2018); *see also Ramos, et al. v. Banner Health, et al.*, 325 F.R.D. 383, 394 (D. Col. Mar. 28, 2018) ("Defendants have not identified authority demonstrating either that Plaintiffs' response to counsel's advertisement, or more generally their level of detailed knowledge of their ERISA claims, defeats class certification."); *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003) (same). Each Plaintiff here has testified in their deposition and submits a declaration herein attesting to their continuing dedication to serving as a representatives of the Class and their understanding of this litigation. *See* **Gyandoh Decl**., ¶¶ 56-58 (**Exhibit 5**, Adams Decl. at ¶¶4-9; **Exhibit 6**, Mars Decl. at ¶¶4-9; **Exhibit 7** Miller Decl. at ¶¶4-9); *see also Karg*, 2020 WL 3400199, at * 3 (signed declarations supported a finding of adequacy); *see also, Sims*, 2017 WL 3730552, at *5 (same).

Plaintiffs here are adequate class representatives. **First**, each Plaintiff has engaged in discovery events by sitting for a deposition and has worked with Counsel by providing information and hundreds of pages of documents in response to Defendants First Set of Interrogatories. *See* **Gyandoh Decl**. at ¶ 61, **Exhibit 10** (Miller Tr. at 152:6-15 stating "Q. What has your involvement been in the lawsuit to date? [… A]: I have, you know, discussed with my counsel and provided documents. And I am testifying now. And I also, you know, responded to the questions defendants had in the beginning."); *id*., at ¶ 59, **Exhibit 8** (Adams Tr. at 169:1-19 stating "I went into my portal and sent what I thought they were looking for" and "I looked in my e-mail as well under a

folder I had marked as Retirement;" 165:9-166:2 "Q. What steps did you take to comply with [Defendants'] document requests? A. I got all the copies of everything that I had from all my retirement, and I forwarded it to my lawyers[,]" and "some I had to get from Dartmouth's human resources."); *id*. at ¶ 60, **Exhibit 9** (Mars Tr. at 20:7-11 (similar)).

**Second**, Plaintiffs have maintained regular communication with Counsel in order to stay informed about the case and provide input. *See* **Gyandoh Decl**. at ¶ 59, **Exhibit 8** (Adams Tr. at 156:11-22 testifying that she remains in contact with her attorneys, "about once a month or -- whenever they have information that concerns me," 157:1-8 confirming she reads the court filings); *id*. at ¶ 61, **Exhibit 10** (Miller Tr. at 153:3-22 (similar)); 154:8-155:20 stating "I have read everything that has been sent to me by my attorney" which is "[b]asically every time something happens and we get a summary of it to keep us up to date or if there is something we need to review, you know, before it is filed, I do that as well."); *id*. at ¶ 60, **Exhibit 9** (Mars Tr. at 95:20-96:7 answering that she monitors the case "[b]y frequent e-mails from the attorneys" which "[d]epending, I guess, on what is going on, it could be once a month or it could be a couple of times a week," 98:2-8, confirming that she read the complaint before it was filed).

**Third**, each Plaintiff has also testified that they are willing to testify at trial. *See* **Gyandoh Decl**. at ¶ 59, **Exhibit 8** (Adams Tr. at 174:22-175:2); *id.* at ¶ 60, **Exhibit 9** (Mars Tr. at 109:19-21 stating "Q, "If this case ends up going to trial, do you intend to testify? A. Yes."); *id.* at ¶ 61, **Exhibit 10** (Miller Tr. at 189:1-3).

**Fourth**, each Plaintiff has sufficient knowledge of the parties, claims, and pertinent aspects of this litigation. *See* **Gyandoh Decl**. at ¶ 59, **Exhibit 8** (Adams Tr. at 81:26-82:7 testifying "[w]hat types of fees are being overcharged that you're saying? A. I just explained that to you. Recordkeeping fees, administration fees."); *id.* at ¶ 60, **Exhibit 9** (Mars Tr. at 79:11-19 testifying

"Q: But, talking about the Administrative Investment Oversight Committee, what is your understanding of what they did wrong? [… A]: And it is the same thing, the oversight of the plan and the fees); *id.* at ¶ 61, **Exhibit 10** (Miller Tr. at 108:18-112:8 explaining that recordkeeping was "[n]ot unnecessary but excessively expensive;" 129:16-130:9, testifying "the defendants are Dartmouth-Hitchcock, so DHMC, the Board of Trustees and then the Administrative Investment Oversight Committee […] they were responsible for managing the plan;" 159:12-18, testifying "they did not do their fiduciary duties as well as they should have;" 118:20-119:19 answering that a fiduciary "is somebody who manages or takes care – handles somebody else's money.").

Recently in *McDonald v. Lab'y Corp. of Am.*, an analogous excessive fee case, the court explained that plaintiffs may be adequate even if they "have received all their information about the potential class action from counsel." No. 22-cv-680, slip op., at 9 (M.D.N.C. Oct. 16, 2024) **Gyandoh Decl**. at ¶ 64, **Exhibit 11**. This is especially true where, like here, the plaintiff "knows the basis of his claims regarding the alleged high recordkeeping expenses," "can identify the recordkeeping company," provided documents, and "sat for a deposition." *Id*. at 10; *see also Trauernicht v. Genworth Fin., Inc.*, No. 22-cv-532, 2024 WL 3835067, at *12 (E.D. Va. Aug. 15, 2024) (finding sufficient that plaintiffs' "testimony demonstrates a basic understanding of the facts and legal theories at issue, and Plaintiffs have been active participants in the litigation").

Lastly, "[t]he adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *see also Cohen v. Brown Univ.*, 16 F.4th 935, 945 (1st Cir. 2021) (same). "The requirements of typicality and adequacy tend to merge." *In re Credit Suisse-Aol Securities Litigation*, 253 F.R.D. 17, 22 (D. Mass. 2008). Like typicality, "[t]he standard, [for adequacy] is not 'perfect symmetry of interest' among the class." *Cohen,* 16 F.4th at 945 (quoting

*Matamoros*, 699 F.3d at 138). "[I]ntra-class conflicts breach Rule 23(a)(4)s' adequacy-of-representation standard only when they 'are fundamental to the suit and ... go to the heart of the litigation.'" *Id*. Here, "because the crux" of ERISA breach of fiduciary duty cases, "hinges on whether defendants acted imprudently with respect to the Plan and not the investments of individual participants, this Court [should] find[] no substantial intra-class conflict in the proposed class." *Tracey v. MIT*, No. 16-cv-11620, 2018 WL 5114167, at * 6 (D. Mass. Oct. 19, 2018); *see also Beach v. JPMorgan Chase Bank, N.A.*, No. 17-cv-563, 2019 WL 2428631, at * 8 (S.D.N.Y. June 11, 2019) ("The general rule that there is 'a relatively low likelihood of intra-class conflicts in cases of excessive fee claims' because the recovery is to the Plan, not to individual Plaintiffs, holds true here."); *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 575 (D. Minn. 2014) (similar).

Here, Plaintiffs have satisfied typicality and there are no intra-class conflicts. In fact, Plaintiffs' interests are aligned with absent class members. As discussed, Plaintiffs testified that they are bringing this suit on behalf of the Plan and their fellow Plan participants who are similarly situated, and Plaintiffs are seeking Plan-wide relief. *See* **Gyandoh Decl**. at ¶ 59, **Exhibit 8** (Adams Tr. at 177:8-11); *id.* at ¶ 60, **Exhibit 9** (Mars Tr. at 92:16-93:1; 105:16-180); *id.* at ¶ 61, **Exhibit 10** (Miller Tr. at 125:6-1; 149:18-151:2). In sum, Plaintiffs satisfy Rule 23(a)(4)'s adequacy requirement.

### ii.    Plaintiffs' Counsel Have No Conflicts with the Class, Are Qualified and Experienced, and Will Vigorously Prosecute This Action for the Class

The inquiry into the adequacy of class counsel is now decoupled from the Rule 23(a)(4) inquiry into the adequacy of the class representatives and is analyzed under factors set forth in Rule 23(g). *See George*, 286 F.R.D. at 178 n.6 (citing 1 William B. Rubenstein, Newberg on Class Actions §§ 3:54-3:55, 3:80-3:81 (5th ed. 2012)); *Karg*, 2020 WL 3400199, at *5 (citing FED. R. CIV. P. 23) ("If the motion includes a proposal for the appointment of class counsel, set forth with

particularity the information the court must consider in assessing proposed class counsel's ability to represent the interests of the class fairly and adequately, as set forth in Federal Rules of Civil Procedure 23(g)(1)(A) and (B)."). Rule 23(g) complements the requirement of Rule 23(a) that class representatives adequately represent the interests of class members by focusing on the qualifications of class counsel. Rule 23(g)(1)(A) instructs the court to consider, among other things: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A). Rule 23(g) notes a court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B).

Here, Capozzi Adler satisfies all prerequisites. *First*, Capozzi Adler has done significant work identifying and investigating potential claims in this action. It began its investigation of claims several months before filing suit. *See* **Gyandoh Decl**., ¶¶ 4-10. This work included requesting documents from the Company pursuant to ERISA § 104(b)(4) and engaging consulting experts. *Id*. *Second,* Capozzi Adler and the undersigned counsel have significant experience handling ERISA matters and have knowledge of the applicable law. *Id*. at ¶¶ 43-53. Mark K. Gyandoh is a partner and chair of the Fiduciary Practice Group at Capozzi Adler and will lead the litigation of this action. *Id*. at ¶¶ 43-44. He has been litigating ERISA fiduciary breach lawsuits for 19 years and he and Capozzi Adler currently serve as counsel in over two dozen fiduciary breach actions across the country. *Id*. at ¶¶ 47-48. Capozzi Adler was recently appointed interim or co-lead counsel in several actions pending across the country and have defeated numerous motions to dismiss, won appellate decisions, and settled analogous cases across the country. *Id*. Based on the

foregoing, Capozzi Adler has the requisite qualifications to lead this litigation. *Third*, Capozzi Adler will commit the necessary resources to represent the class. With three office locations, the firm has been successfully serving clients for over 25 years offering a full range of legal services. *Id.* at ¶ 47. Accordingly, the appointment of Capozzi Adler as Class Counsel is warranted.

### C.    The Class May Be Properly Certified Under Rule 23(b)(1)

#### 1.    Certification Under Rule 23(b)(1)(B) is Most Appropriate

The Advisory Committee Notes to Rule 23 explicitly instruct that certification under Rule 23(b)(1)(B) is appropriate in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." Fed. R. Civ. P. 23(b)(1)(B), Advisory Committee's Note (1966 Amendment). Hence, courts routinely certify classes under Rule 23(b)(1)(B) in analogous cases alleging a breach of fiduciary obligations to plaintiffs. *See, e.g.*, *Waldner v. Natixis Inv. Managers, L.P.*, No. 21-cv-10273, 2023 WL 3466272, at *19 (D. Mass. Mar. 24, 2023), *R. & R. adopted*, No. 21-cv-10273, 2023 WL 3467112 (D. Mass. May 15, 2023); *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 67 (M.D.N.C. 2008); *Stegemann v. Gannett Co.*, No. 118-cv-325, 2022 WL 17067496, at *11 (E.D. Va. Nov. 17, 2022); *Krueger*, 304 F.R.D. at 578; *Mehling v. New York Life Ins. Co. et al.*, 246 F.R.D. 467, 478 (E.D. Pa. 2007); *Sacerdote v. New York Univ.,* No. 16-cv-6284, 2018 WL 840364, at *6 (S.D.N.Y. Feb. 13, 2018) ("Most ERISA class action cases are certified under Rule 23(b)(1)."). Here, the Complaint alleges breaches of fiduciary duties under ERISA. Therefore, the only remedy available to participants in the Plan is Plan-wide relief, including the restoration of losses. Thus, the proposed Class meets the requirements of Fed. R. Civ. P. 23(b)(1), given the nature of this action and the relief sought on behalf of the Class.

## 2.    Certification is Also Appropriate Under Section 23(b)(1)(A)

Rule 23(b)(1)(A) "takes in cases where the party is obligated by law to treat the members of the class alike . . . or where the [defendant] must treat all alike as a matter of practical necessity." *Amchem*, 521 U.S. at 614 (citation omitted). Rule 23(b)(1)(A) applies to the instant case because the fiduciary duties imposed by ERISA are "duties with respect to a plan" that protect the "interest of the participants and beneficiaries" collectively. *See* 29 U.S.C. § 1104. In discharging their duties to the Plan, Defendants, as fiduciaries, were obligated to treat all participants (and all class members) alike. *See*, *e.g.*, *Jones v. Novastar Financial, Inc.*, 257 F.R.D. 181, 194 (W.D. Mo. 2009) ("Rule 23(b)(1)(A) certification is particularly appropriate where a central element of plaintiffs' claims are not an individual matter; here the central questions concerning whether the fiduciaries breached their duties to the Plan are not individual."); *Krueger,* 304 F.R.D. at 577 (same). Certification under Rule 23(b)(1)(B) or 23(b)(1)(A) is appropriate in this case.

## VI.    CONCLUSION

Plaintiffs respectfully request that this Court certify this action as a class action under FED. R. CIV. P. 23(a) and (b)(1), appoint Plaintiffs, Debra Adams, Danillie Mars, and Michelle Miller, as representatives for the certified Class, and appoint Capozzi Adler as counsel for the certified Class. As demonstrated in **Gyandoh Decl.**, **Exhibit 12**, dozens of ERISA actions alleging similar breaches of fiduciary duty have been certified in this Circuit and throughout the country. In the alternative, to the extent the Court believes the class definition must be narrowed or subclasses required, it is within the Court's inherent discretion to do so without denying the motion for class certification, and Plaintiffs request leave to propose a narrowed class or subclasses.

DATED: October 22, 2024          **CAPOZZI ADLER, P.C.**

                                 /s/ *Mark K. Gyandoh*
                                 Mark K. Gyandoh, Esquire

(admitted *pro hac vice*)
James A. Wells, Esquire
(admitted *pro hac vice*)
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: <u>markg@capozziadler.com</u>

**MUHIC LAW LLC**
Peter A. Muhic
(Admitted Pro Hac Vice)
923 Haddonfield Road,
Suite 300  Cherry Hill, NJ 08002
Phone: (856) 324-8252
Fax:  (717) 233-4103
Email: peter@muhiclaw.com

*Counsel for Plaintiffs*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 22, 2024, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

<u>*/s/ Mark K. Gyandoh*</u>
Mark K. Gyandoh